The People of the State of New York, Respondent, 
against
Christopher Ferguson, Appellant.




Christopher Ferguson, appellant pro se.
Westchester County District Attorney, for respondent (no brief filed).

Appeal from a judgment of the City Court of Yonkers, Westchester County (Arthur J. Doran, III, J.), rendered May 12, 2015. The judgment, after a nonjury trial, convicted defendant of using a mobile telephone while operating a motor vehicle.




ORDERED that the judgment of conviction is reversed, on the facts, the simplified traffic information is dismissed, and the fine, if paid, is remitted.
Defendant was charged in a simplified traffic information with using a mobile telephone while operating a motor vehicle (Vehicle and Traffic Law § 1225-c [2] [a]). At a nonjury trial, a police officer testified that, on October 17, 2014, at 5:30 p.m., he had observed defendant make a left turn in his vehicle while holding a cell phone to his left ear. Defendant testified that he had not been engaged in a call at that time and proffered a Sprint mobile telephone bill, which was entered into evidence, to demonstrate that fact.
Vehicle and Traffic Law § 1225-c (2) (a) provides that "no person shall operate a motor vehicle upon a public highway while using a mobile telephone to engage in a call while such vehicle is in motion . . . ." For purposes of the statute, "using" a mobile telephone means holding a mobile telephone to, or in the immediate proximity of, the user's ear (Vehicle and Traffic Law § [*2]1225-c [1] [c] [i]), and "engage in a call" means "talking into or listening on a hand-held mobile telephone, but shall not include holding a mobile telephone to activate, deactivate or initiate a function of such telephone" (Vehicle and Traffic Law § 1225-c [1] [f]). Moreover, "[a]n operator of any motor vehicle who holds a mobile telephone to, or in the immediate proximity of, his or her ear while such vehicle is in motion is presumed to be engaging in a call within the meaning of this section . . . [and t]he presumption established by this subdivision is rebuttable by evidence tending to show that the operator was not engaged in a call" (Vehicle and Traffic Law § 1225-c [2] [b]).
The statute in question is not violated merely by holding a mobile telephone to, or in the immediate proximity of, one's ear (see Vehicle and Traffic Law § 1225-c [1] [c] [i]); rather, the driver of the vehicle must also actually be engaged in a call, as defined in Vehicle and Traffic Law § 1225-c (1) (f), while the vehicle is in motion (see Vehicle and Traffic Law § 1225-c [2] [a]). Here, the officer's testimony that defendant was holding a cell phone to his left ear while the vehicle he was driving was in motion gave rise to a presumption that defendant had been engaged in a call (see Vehicle and Traffic Law § 1225-c [2] [b]). Defendant sufficiently rebutted that presumption (see Vehicle and Traffic Law § 1225-c [2] [b]) by proffering a copy of a portion of his Sprint mobile telephone bill into evidence, covering the period between October 11, 2014 and November 10, 2014, which demonstrated that he had not been engaged in a call on October 17, 2014 at or near 5:30 p.m., the time when the officer testified that he had observed defendant holding the mobile phone up to his ear while driving. In addition to testifying that he had not been engaged in a call at that time, defendant also testified that he had had the same telephone number with Sprint, which was listed in the telephone bill, for over three years and that he does not have any other mobile phones. Consequently, after examining all of the evidence adduced at trial and weighing the conflicting testimony, we find that the verdict convicting defendant of violating Vehicle and Traffic Law § 1225-c (2) (a) was against the weight of the evidence (see generally People v Danielson, 9 NY3d 342, 348 [2007]; People v Bleakley, 69 NY2d 490, 495 [1987]). 
Accordingly, the judgment of conviction is reversed and the simplified traffic information is dismissed (see CPL 470.20 [5]; People v Romero, 7 NY3d 633, 643—644 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]).
TOLBERT, J.P., GARGUILO and BRANDS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 24, 2017